IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:<br>TERESA VELARDI | | |
|---|---|---|
| | | Chapter 7 |
| | Debtor(s) | Case Number: 5-15-bk-02449 RNO |
| TERESA VELARDI | | |
| | Plaintiff(s) | Adversary Number: 5-15-ap-00126 RNO |
| v.<br>COUNTRYWIDE BANK, FSB;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>BANK OF AMERICA, N.A.;<br>RUSHMORE LOAN MANAGEMENT<br>SERVICES LLC;<br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB dba CHRISTIANA<br>TRUST, as Trustee for Pretium Mortgage<br>Acquisition Trust;<br>PHELAN HALLINAN DIAMOND &<br>JONES LLP | | |
| | Defendant(s) | |

# **OPINION**[1]

The Debtor, a Pro Se Plaintiff, commenced an Adversary Proceeding seeking to rescind her mortgage loan and obtain criminal relief against the Defendants under the federal Truth in Lending Act. For the reasons stated herein, I will grant the Motion to Dismiss Adversary Proceeding filed by the first group of Defendants. The Motion to Dismiss Adversary Proceeding filed by the second group of Defendants will be denied because that Motion was not served upon the Plaintiff.

**I.    JURISDICTION**

The statutory bases for Bankruptcy Court jurisdiction are set forth in 28 U.S.C. § 1334

---

[1]    Drafted with the assistance of William J. Schumacher, Esquire, Law Clerk.

(2005) and 28 U.S.C. § 157 (2005).  The District Court has initial, exclusive jurisdiction over all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code.  Further, 28 U.S.C. § 157(a) provides that bankruptcy cases shall be referred to the bankruptcy judges in the respective district.  Bankruptcy judges may make final decisions in cases arising under Title 11.  Bankruptcy judges also generally have the authority to make final decisions concerning "core proceedings" which arise in a bankruptcy case.  Core proceedings are listed in 28 U.S.C. § 157(b)(2) and include "determinations of the validity, extent, or priority of liens."  28 U.S.C. § 157(b)(2)(K).

A bankruptcy judge has less authority concerning the adjudication of what is referred to as a non-core proceeding.  In those matters, the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court for de novo review.  28 U.S.C. § 157(c)(1).  The statute further provides that, with the consent of all the parties to the proceeding, the district court may refer a non-core, related case to the bankruptcy judge to make a final judgment.  28 U.S.C. § 157(c)(2).

At the time of oral argument on the subject Motions to Dismiss, I questioned the parties as to whether or not they would consent to my entry of a final judgment in this Adversary Proceeding.  Teresa Velardi, the Plaintiff ("Debtor"), responded that she would consent to the entry of a final judgment by the Bankruptcy Court, but further argued that consent was not required because the subject Adversary Proceeding – which seeks the rescission of her mortgage – is a core proceeding under 28 U.S.C. § 157(b)(2)(K).  Counsel for Countrywide Bank, FSB, Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., and Phelan Hallinan Diamond & Jones, LLP (collectively "BOA") indicated that it did not consent to the entry of a

2

final judgment by the Bankruptcy Court. Counsel for Rushmore Loan Management Services LLC and Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust (collectively "Rushmore") indicated that it did not consent to the entry of a final judgment by the Bankruptcy Court.

An adversary proceeding which seeks to avoid a mortgage on the debtor's property is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). *In re Meyer*, 379 B.R. 529, 536 n.1 (Bankr. E.D. Pa. 2007); *In re Cruz*, 441 B.R. 23, 26 n.4 (Bankr. E.D. Pa. 2004); *In re Armstrong*, 288 B.R. 404, 409 n.1 (Bankr. E.D. Pa. 2003); *In re Smith*, 300 B.R. 828, 829-30 (Bankr. M.D. Ga. 2003) (truth in lending rescission claim a core proceeding).

I recognize that the bankruptcy court may issue final orders and judgments in non-core proceedings only if all parties consent. *In re Mullarkey*, 536 F.3d 215, 221 n.6 (3d Cir. 2008); *In re Miller*, 467 B.R. 677, 682 (Bankr. D. Mass. 2012); *In re Bartock*, 398 B.R. 135, 152 (Bankr. W.D. Pa. 2008). However, in this case, I conclude that the subject Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Therefore, I have the authority to enter a final judgment without the consent of all the parties.

## II. FACTS AND PROCEDURAL HISTORY

The Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on June 8, 2015. The Debtor is a self-represented party who is appearing without the assistance of legal counsel. Included in the completed bankruptcy schedules is Schedule A – Real Property. The Debtor scheduled as an asset a residential property in Clarks Summit, Pennsylvania with a stated value of $180,000.00 ("Real Estate"). The Debtor obtained a Chapter 7 bankruptcy discharge on October 16, 2015. On January 21, 2016, the Chapter 7 Trustee filed a Report of No Distribution.

The Debtor's Chapter 7 case remains open at this writing.

This Adversary Proceeding was commenced by a Complaint filed by the Debtor on August 13, 2015. The Complaint contains more than eighty numbered paragraphs and was accompanied by a number of exhibits labeled A through F. The Complaint alleges that on May 15, 2015, the Debtor mailed a notice of rescission to BOA and to Rushmore. Complaint, August 13, 2015, ECF No. 1, p. 3, ¶ 7. In sum, the Complaint alleges that on January 8, 2008, the Debtor refinanced a mortgage on the Real Estate and received a loan in the face amount of $176,750.00. The first portion of Exhibit B is a copy of a Promissory Note dated January 8, 2008, in the face amount of $176,750.00 and bearing the signature of the Debtor. The latter portion of Exhibit B to the Complaint is a copy of a Mortgage dated January 8, 2008, in the face amount of $176,750.00 encumbering the Real Estate ("Mortgage"). The Mortgage also bears the Debtor's signature.

The gravamen of the Complaint is that pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), the Debtor effectively rescinded the Mortgage on the Real Estate. In part, the Complaint alleges that the mortgage loan was never consummated. Complaint, August 13, 2015, ECF No. 1, p. 20, ¶¶ 61-64. Additionally, the Complaint further alleges criminal liability against BOA and Rushmore for alleged willful and knowing violations of TILA. Finally, the Complaint seeks statutory damages, repayment of sums paid by the Debtor on account of the Mortgage, and the award of costs and reasonable attorney's fees.

Pursuant to Federal Rule of Evidence 201, I take judicial notice of the docket in this Adversary Proceeding and the docket in the underlying Voluntary Chapter 7 Proceeding commenced by the Debtor.

On September 14, 2015, BOA filed its Motion to Dismiss Adversary Proceeding which was accompanied by a supporting Memorandum. BOA certified that it served its Motion to Dismiss and supporting Memorandum on the other parties to the action. On September 29, 2015, Rushmore filed its Motion to Dismiss Adversary Proceeding, accompanied by a supporting Memorandum of Law. The docket in the Adversary Proceeding does not reflect service of Rushmore's Motion to Dismiss or its Memorandum of Law on the other parties to the Adversary Proceeding. Both Motions maintain that this action is untimely under TILA. Further, BOA's Motion maintains that the Debtor's action is barred by the doctrine of res judicata and by the *Rooker-Feldman* doctrine. BOA also maintains that there is no private right of action for criminal liability under TILA.

Briefs have been submitted in support of and in opposition to the Motions to Dismiss and oral argument was held on January 28, 2016, making the Motions to Dismiss ripe for decision.

## III. DISCUSSION

### A. Review of a Pro Se Pleading

A pro se party represents herself in a court proceeding without the assistance of a lawyer. *Black's Law Dictionary*, p. 1416 (10th ed. 2014).

The pleadings of pro se litigants are construed somewhat liberally. Such pleadings "however inartfully pleaded, . . . are held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). However, "a court need not credit a complaint's bald assertions or legal conclusions." *Burrell v. Ross*, 2013 WL 3097320, *3 (M.D. Pa., June 18, 2013), (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.

5

1997)). Further, the relaxed review of pleading formalities does not excuse a lack of legal knowledge or legal resources. *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (a pro se litigant's misconception about the operation of the statute of limitations does not warrant equitable tolling of the limitation period).

Based upon the above, I will review the formalities of the Debtor's Complaint with a relaxed standard consistent with the above authority.

### B. Debtor's Waiver of Defenses Argument

At oral argument, the Debtor argued that BOA and Rushmore waived their defenses to the Complaint because their Motions to Dismiss were filed after the reply date stated in the Summons. It is true that failure to raise an affirmative defense in a responsive pleading generally results in a waiver of that defense. However, even that general rule is subject to exceptions. *Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d Cir. 1991); *Drippe v. Gototweski*, 434 Fed. App'x. 79, 81 (3d Cir. 2011). In this Adversary Proceeding, no scheduling order has been issued setting a deadline for filing dispositive motions. Further, the Debtor did not seek a judgment by default against either BOA or Rushmore. The adversary Summons set a response date of September 13, 2015. The Motion to Dismiss by BOA was filed on September 14, 2015. The Motion to Dismiss by Rushmore was filed on September 29, 2015. I conclude that none of the Defendants' defenses were waived based upon when the Motions were filed.

However, I find that a more serious issue has been raised regarding the Motion to Dismiss filed by Rushmore. The Debtor maintained at oral argument that she was not served with the Motion to Dismiss. As noted above, a review of the docket supports this contention. Rushmore's Motion to Dismiss, which was filed to Docket No. 20, was not accompanied by a

6

Case 5:15-ap-00126-JJT    Doc 36    Filed 02/24/16    Entered 02/24/16 14:53:30    Desc
Main Document      Page 6 of 16

certificate of service.  Further, as of the date of this Opinion, Rushmore has still not filed a certificate evidencing service of the Motion to Dismiss on the Debtor.

Federal Rule of Bankruptcy Procedure 7005 makes Federal Rule of Civil Procedure 5 applicable to adversary proceedings such as the case at bar.  The rule, in part, requires that each pleading filed after the original complaint be served upon each party, unless the court orders otherwise.  A learned commentator has noted that written motions are required to be served on all parties.  1-5 Moore's Federal Practice – Civil, § 5.02 (2015).  A fundamental aspect of due process in any proceeding is to afford every party notice, reasonably calculated, under all of the circumstances, to apprise her of an intended action and to afford her an opportunity to present any objections or opposition.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950); *In re Partsearch Techs., Inc.*, 453 B.R. 84, 97 (Bankr. S.D.N.Y. 2011).  Generally, motions to dismiss filed by different defendants are considered separately.  *Think3 Litig. Tr. v. Zuccarello (In re Think3, Inc.)*, 529 B.R. 147, 163-64 (Bankr. W.D. Tex. 2015); *In re Total Containment, Inc.*, 335 B.R. 589, 605 (Bankr. E.D. Pa. 2005).

I have found that Rushmore failed to serve its Motion to Dismiss on the Debtor.  I will, therefore, deny, without prejudice, the Motion to Dismiss filed on behalf of Rushmore.

I will proceed to consider the Motion to Dismiss which was filed, and served, by BOA.

### C.      Standard of Review for a Motion to Dismiss Under F.R.B.P. 7012(b)

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)-(i) applicable to bankruptcy adversary proceedings.  Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted.  Each complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that to withstand a motion to dismiss, a claim must be more than possible, it must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 67 L.Ed.2d 929 (2007). *Twombly* informs that while detailed factual allegations are not required in a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Two years later, the Supreme Court described "facial plausibility":

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations and quotations omitted).

At this stage, only well pled facts are viewed in the light most favorable to the Debtor. In contrast, legal conclusions are not assumed to be correct at the motion to dismiss stage. In *Iqbal*, Justice Kennedy wrote:

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The Third Circuit thus described the differing standards to weigh a complaint's alleged facts and legal conclusions:

8

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

When a motion to dismiss is filed, I can consider the complaint as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D.Del., Jan. 30, 2015), *aff'd in part, vacated in part, remanded*, No. 15-1465, 2015 WL 7292953 (3d Cir. Nov. 19, 2015) (vacated on other grounds). Further, I may consider an indisputably authentic document which a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Gar. Corp.*, 998 F.2d at 1196; *also see, Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

The Federal Rules of Evidence apply to proceedings before United States Bankruptcy Judges. Fed. R. Evid. 1101(a); *In re Barnes*, 266 B.R. 397, 403 (8th Cir. B.A.P. 2001). The Federal Rules of Evidence allow a federal court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket events in a case, contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12 n.19 (Bankr. E.D. Pa., Jan. 11, 1991).

### D. Can the Timeliness of an Action Be Considered in a Motion to Dismiss?

BOA's Motion to Dismiss maintains, in part, that any right the Debtor had to rescind the loan secured by the Mortgage expired some four years before Debtor sent the notice of rescission dated May 15, 2015. Memorandum in Support of Defendants Countrywide Bank, FSB; Mortgage Electronic Registration Systems, Inc.; Bank of America, N.A.; and Phelan Hallinan Diamond & Jones' Motion to Dismiss Adversary Complaint (hereinafter "BOA Memorandum"), September 14, 2015, ECF No. 7, p. 16.

Bankruptcy adversary proceedings utilize many of the Federal Rules of Civil Procedure. Federal Rule of Bankruptcy Procedure 7008 generally makes F.R.C.P. 8 applicable in adversary proceedings, like the case at bar. The statute of limitations defense typically must be raised in an answer as an affirmative defense. Fed. R. Civ. P. 8(c)(1); *In re Reading Broadcasting, Inc.*, 390 B.R. 532, 550 (Bankr. E.D. Pa. 2008). Failure to raise an affirmative defense in an answer, or an appropriate motion, generally results in a waiver of the defense. *Chainey v. Street*, 523 F.3d 200, 209 (3d Cir. 2008).

However, there is a "Third Circuit Rule" that permits a limitation defense to be raised by a motion under Rule 12(b)(6) where the time alleged in the statement of claim shows that the cause of action has not been brought within the statute of limitations. *Robinson v. Johnson*, 313 F.3d 128, 135-37 (3d Cir. 2002); *Cain v. Dep't of Pub. Welfare*, 442 Fed. App'x. 638, *1 (3d Cir. 2011); *Valentine v. Lock Haven Univ. of PA of the State System of Higher Educ.*, 2014 WL 3508257, *2 (M.D. Pa., July 14, 2014).

Here, a copy of a Note dated January 8, 2008, which obligated the Debtor to repay the loan, is attached as a portion of an exhibit to the Complaint. The notice of rescission, dated May

15, 2015, is also attached as a portion of an exhibit. This meets the requirement of the Third Circuit Rule that the statement of the claim shows its untimeliness.

    E.    **Timeliness of the Rescission Notice**

For the reasons detailed below, I conclude that the three year time period to exercise a right of rescission under TILA is a statute of repose, not a statute of limitations. Since the right of rescission expires at the end of three years after consummation of the loan, I conclude that the passage of the statute of repose is properly raised by a motion to dismiss pursuant to Rule 12(b)(6). *Kephart v. ABB, Inc.*, 2015 WL 1245825, *8 (W.D. Pa. Mar. 18, 2015); *Natale v. U.S.*, 2014 WL 1281224, *7 (E.D. Pa. Mar. 28, 2014).

TILA provides a consumer borrower with a limited right to rescind a loan transaction in certain circumstances. The statute provides, in part, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, . . . ." 15 U.S.C. § 1635(f). Here, it is clear that the Debtor has not sold the Real Estate.

When then is a mortgage loan consummated under TILA? A loan is consummated for purposes of TILA when the loan is closed, with the execution of a note and mortgage, and a disbursement of loan proceeds. *In re McNinch*, 250 B.R. 848, 859 (Bankr. W.D. Pa. 2000) *aff'd sub nom. McNinch v. Harris Trust Sav. Bank*, 281 F.3d 222 (3d Cir. 2001); *Williams v. Wells Fargo Home Mortg., Inc.*, 410 Fed. App'x. 495, 498-99 (3d Cir. 2011); *In re West*, 420 B.R. 284, 287 (Bankr. W.D. Pa. 2009) (consummation occurs when the borrower becomes contractually obligated).

I find that the instant loan transaction was consummated on January 8, 2008, when the

11

Debtor executed and delivered the Note and the Mortgage, copies of which are attached to the Complaint as Exhibit B.

I note that under Pennsylvania law, a signed note is a negotiable instrument subject to the provisions of Article III of the Pennsylvania Uniform Commercial Code. *PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 616-17 (Pa. Super. 2014); *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1264 (Pa. Super. 2013).

It is undisputed that the Debtor's notice of rescission/cancellation, which was mailed to the Defendants, is dated May 15, 2015. The notice, along with certified mail receipts, is attached as Exhibit C to the Complaint. I find that the notice of rescission was given more than seven years after the mortgage loan was consummated.

Legal causes of action generally have time limitations within which they can be brought. Initially, it is important to distinguish between a statute of repose and a statute of limitations. A statute of repose temporally limits the underlying right to a cause of action. A statute of limitations temporally limits the remedies available to a plaintiff.

A claimed right to rescission under TILA is subject to a statute of repose; not a statute of limitations. *In re Cabot*, 369 B.R. 1, 14 (Bankr. D. Mont. 2007), *adopted* 2007 WL 3477081 (D. Mont. Nov. 13, 2007). The Supreme Court noted that TILA provides that three years after the date of consummation of the loan, the "right of rescission shall expire." 15 U.S.C. § 1635(f); *Beach v. Ocwen Federal Bank*, 118 S.Ct. 1408, 1410 (1998) (section 1635(f) limits the duration of a right of rescission, rather than limiting the time for bringing a suit).

Under § 1635 of TILA, a notice of a right of rescission must be given within three years of loan consummation. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 792-93

12

(2015); *Williams v. Wells Fargo Home Mortg., Inc.*, 410 Fed. App'x. at 498-99; *In re Sheedy*, 801 F.3d 12, 19-20 (1st Cir. 2015); *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1187-88 (10th Cir. 2012); *Lumpkin v. Deutsche Bank Nat. Trust Co.*, 534 Fed. App'x. 335, 338-39 (6th Cir. 2013).

Here it is clear that the Debtor's notice of rescission was given more than seven years after the subject loan was consummated. However, any right to rescission expired after January 8, 2011, three years after the loan closing. Therefore, no plausible claim for rescission of the loan has been stated.

I will grant BOA's Motion to Dismiss the cause of action for rescission of the loan. In many instances, after the grant of a motion to dismiss, I allow the plaintiff to file an amended complaint. However, Third Circuit precedent provides for a dismissal with prejudice premised on undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or *futility of amendment*. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434-35 (3d Cir. 1997). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Lorenz v. CSX Corp.*, 1 F.3d at 1413-14; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434-35. I will dismiss this cause of action with prejudice because any amendment would be a futile attempt to resuscitate a right of action which has expired under the plain terms of TILA.

### F. Claimed Criminal Cause of Action

The Debtor's Complaint also seeks criminal penalties for alleged willful and knowing violations of TILA. Complaint, August 13, 2015, ECF No. 1, p. 22-23, ¶¶ 73-74. This purported

cause of action is lodged only against the Defendants Phelan Hallinan Diamond & Jones LLP, Bank of America, N.A., and Rushmore Loan Management Services LLC.

BOA's Motion to Dismiss and its supporting Memorandum contend that there is no private right of action for an alleged criminal violation of TILA. BOA Memorandum, September 14, 2015, ECF No. 7, p. 17.

A portion of TILA does provide for a fine of not more than $5,000.00 and/or imprisonment for not more than one year for certain willful and knowing violations of the statute. 15 U.S.C. § 1611.

Generally, criminal prosecutions are brought by a state, pursuant to its sovereign authority. *Robertson v. U.S., ex. rel. Watson*, 130 S.Ct. 2184, 2191 (2010) (Sotomayor, J., dissenting) (Dissenting opinion to dismissal of writ of certiorari); *Matter of Davis*, 691 F.2d 176, 178-79 (3d Cir. 1982) (State of Delaware was prosecuting a criminal action on behalf of all of the citizens of Delaware).

A corollary to the proposition that a state commences a criminal prosecution is the proposition that a criminal statute is generally insufficient to support a private right of action. Where a statute does not expressly provide for a private right of action, such a right only exists if the statute manifests a Congressional intent to create a personal right to a private remedy. *Mathews v. Washington Mut. Bank, FA*, 2006 WL 2380460, *3 (E.D. Pa., Aug. 14, 2006).

It has been specifically held that TILA does not provide a private civil right of action seeking criminal penalties under § 1611 of the statute. *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F.Supp.3d 1358, 1380 (M.D. Fla. 2014) *aff'd sub. nom. Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, No. 15-10082, 2015 WL 5438722 (11th Cir., Sept.

14

16, 2015); *also see Dunn-Mason v. JP Morgan Chase Bank, N.A.*, 2013 WL 5913684, *13 (E.D. Mich., Nov. 1, 2013), *aff'd*, (6th Cir. 14-1700) Mar. 16, 2015.

I conclude that the Debtor lacks a cognizable interest in the prosecution or non-prosecution of any of the subject Defendants for alleged violations of TILA. No plausible claim for relief has been stated. I will grant BOA's Motion to Dismiss this cause of action. The dismissal is with prejudice because, based on the authority cited above, I find that any amendment would be futile.

**G.     Additional Defenses and the Doctrine of Judicial Restraint**

BOA's Motion to Dismiss further alleges that the Debtor's claims are barred by the *Rooker-Feldman* doctrine and by the doctrine of res judicata.

The principle of judicial restraint provides that if resolution of an issue or issues effectively disposes of a case, the case should be resolved on that basis without reaching other issues that might have been presented. *PDK Labs., Inc. v. Drug Enforcement Admin.*, 362 F.3d 786, 799 (C.A.D.C. 2004) (Roberts, J., concurring in part and concurring in judgment) ("if it is not necessary to decide more, it is necessary not to decide more . . ."); *also see Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989); *In re Midway Games, Inc.*, 428 B.R. 327, 335 (Bankr. D. Del. 2010) (concept of judicial restraint compels the court to decide only those issues necessary to grant effective relief).

I have already concluded that the Debtor's Complaint fails to state any plausible claim for relief against BOA. I have also found that the Complaint should be dismissed as to BOA with prejudice because an amended complaint would be futile. Consistent with the doctrine of judicial restraint, I therefore need not address BOA's additional arguments which advance the

15

*Rooker-Feldman* doctrine and the doctrine of res judicata.

## IV. CONCLUSION

I will grant BOA's Motion to Dismiss for failure to state a plausible claim for relief, with prejudice. I will deny Rushmore's Motion to Dismiss, without prejudice. Rushmore will be granted thirty days' leave to file either a new dispositive motion or an answer to the Complaint.

By the Court,

Date: February 24, 2016

Robert N. Opel, II, Bankruptcy Judge
(BI)